

# 1:CV 01-1176

CLOSED

### U.S. District Court
## Southern District of New York - Civil Database (Foley Square)

### CIVIL DOCKET FOR CASE #: 01-CV-5504

Bruzon v. I.N.S.                                               Filed: 06/19/01
Assigned to: Chief Judge Michael B. Mukasey
Demand: $0,000                              Nature of Suit:  530
Lead Docket: None                           Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

CARLOS BRUZON                    Carlos Bruzon          
     petitioner                  [COR LD NTC] [PRO SE]
                                 Pike County Jail
                                 HC 8 Box 5601
                                 Hawley, PA 18428

     v.

IMMIGRATION & NATURALIZATION
SERVICE
     respondent

FILED
SCRANTON

JUN 2 7 2001

PER _____
        DEPUTY CLERK

Proceedings include all events.
1:01cv5504 Bruzon v. I.N.S.                                              CLOSED

CARLOS BRUZON

            petitioner

    v.

IMMIGRATION & NATURALIZATION SERVICE

            respondent

Proceedings include all events.
1:01cv5504 Bruzon v. I.N.S.                                         CLOSED

| | | |
|---|---|---|
| 6/19/01 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS by Carlos Bruzon. (jco) [Entry date 06/25/01] |
| 6/19/01 | 2 | PETITION for writ of habeas corpus pursuant to 28 USC 2241. (jco) [Entry date 06/25/01] |
| 6/19/01 | -- | Magistrate Judge Andrew J. Peck is so designated. (jco) [Entry date 06/25/01] |
| 6/19/01 | 3 | ORDER, Accordingly, in the interest of justice, the Clerk of Court shall transfer this case to the United States District Court for the Middle District of Pennslyvania., Furthermore, it is ordered that petitioner's removal or deportation is hereby stayed pending further order by the United States District Court for the Western District of Louisiana. The Clerk of Court is also directed to serve a copy of this order and the underlying petition on the United States Attorney for the Middle District of Pennslyvania who is futher directed to inform the Immigration and Naturalization Service forthwith of the stay of removal. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived. SO ORDERED ( signed by Chief Judge Michael B. Mukasey ); Copies mailed. Sent a copy of this order and the petition upon the U.S. Attorney for the (Middle) District of Pennslyvania via Certified Mail #: 7099 3400 0014 3067 7763. (jco) [Entry date 06/25/01] |
| 6/19/01 | -- | Interdistrict transfer to the Middle District of Pennslyvania. Sent original file along with a certified copy of the sheet and transfer order via Federal Express AIRBILL # 8267 4042 0133 on 6/25/01. (jco) [Entry date 06/25/01] |

A TRUE COPY
JAMES M. PARKISON, Clerk

By _Julie Carrea_
Deputy Clerk

Docket as of June 25, 2001 10:35 am                          Page 3

1 : CV 01-1176

JUDGE MUKASEY 01 CIV. 5

DOC # 1

U. S. DISTRICT COURT
JUN 19 2001
S.D. OF N.Y.

Plaintiff

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

Defendant

CASE NUMBER:

I, Carlos Bruzon _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant          ☐ other

in the above–entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?:          ☑ Yes          ☐ No          (If "No" go to Part 2)

    If "Yes" state the place of your incarceration  Pike County Jail

    Are you employed at the institution?_____  Do you receive any payment from the institution? $1.00 a day

    Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2.  Are you currently employed?          ☐ Yes          ☐ No

    a.  If the answer is "Yes" state the amount of your take–home salary or wages and pay period and give the name and address of your employer.

    b.  if the answer is "No" state the date of your last employment, the amount of your take–home salary or wages and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have your received any money from any of the following sources?

    a.  Business, profession or other self–employment          ☐ Yes          ☑ No
        Rent payments, interest or dividends                     ☐ Yes          ☑ No
        Pensions, annuities or life insurance payments           ☐ Yes          ☑ No
        Disability or workers compensation payments              ☐ Yes          ☑ No
        Gifts or inheritances                                    ☐ Yes          ☑ No
        Any other sources                                        ☐ Yes          ☑ No

    If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

PRO SE OFFICE
MAY 0 4 2001

If the answer to any of the questions in part three is yes,
describe each source of money and state the amount received
from each during the past months.

4. Do you own any cash or do you have money in a checking or
   savings account?

   YES_____   NO_ ✓_   (Including any funds in prison accounts)

   If the answer is yes, state the total value owned.

5. Do you own any real estate, stock, bonds, notes, automobiles, or
   other valuable property (including ordinary household
   furnishings and clothing)?

   YES_____   NO_ ✓_

   If the answer is yes, describe the property and state its
   approximate value.

6. List the person(s) who are dependent upon you for support, state
   your relationship to those person(s), and indicate how much you
   contribute toward their support at the present time.

7. If you live in a rented apartment or other rented building,
   state how much you pay each month for rent.  Do not include rent
   contributed by other people.

8. State any special financial circumstances which the court should
   consider in this application.

I understand that a false statement or answer to any questions in
this declaration will subject me to the penalties for perjury.

I declare under penalty of perjury that the forgoing is true and
correct.

signed this _CaRLoSBRuZoN_day of _____5_/_29_/_____, __-2001_.

_CARLoSBRUZoN_____
(signature)

AO 240 (1/94)

4. Do you have any cash or checking or savings accounts?    ☐ Yes    ☑ No

   If "Yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?    ☐ Yes    ☑ No

   If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_____          _____
4/24/2001                    CARLoS BRUZON
DATE                         SIGNATURE OF APPLICANT

# CERTIFICATE

### (Incarcerated applicants only)
### (To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $ _65.40_ on account to his/her credit at (name of institution) _Pike County Jail_ . I further certify that the applicant has the following securities to his/her credit: _N/A_

_____ . I further certify that during the past six months the applicant's average balance was $ _140.04_ .

_____          _____
4/25/01                      Kathleen Cronin
DATE                         SIGNATURE OF AUTHORIZED OFFICER

DOC # 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE MUKASEY    01 CIV 5504

Carlos Bruzon

Full name and prison number (if any) of petitioner

vs.

Case No. _____
    Clerk to supply

Name of Respondent

**Immigration And Naturalization Service**

28 USC § 2241

FILED
SCRANTON

JUN 2 7 2001

PER _____
        DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS
BY PERSON IN FEDERAL CUSTODY

INSTRUCTIONS ——READ VERY CAREFULLY

To be considered by the District Court, this petition must
be in writing, legibly handwritten [in English] or typewritten, attested
to by the petitioner.    Answers to each applicable question must be
concise.    If the space is too small for the answer to a particular question,
finish it on the reverse side of the page or insert an additional blank page,
making clear to which question the continuing answer refers.

Every petition for habeas corpus must be attested to.  A false
statement of material fact in the petition may be made the basis of prosecution
and conviction for perjury.   Petitioners  should take care that their answers
are true and correct.

If the petition is taken in forma pauperis, it shall include an
affidavit [attached at the back of the form] setting forth information that
will establish whether petitioner will be unable to pay the fees and costs of
the habeas corpus proceedings.

When the petition is completed, the original and two copies shall
be mailed to the Clerk of the District Court for the  Southern District of
New York.

1:CV 01-1176



1.  Place of detention Pike County Jail  HC 8 Box 8601 Hawley, PA 18428

2.  Name and location of court which imposed sentence I.N.S.

Detention Center in Texas: Name and address unknown.

3.  The indictment number or numbers [if known] upon which and the offense or offenses for which sentence was imposed:

    (a)_____A# 22-801-576_____

    (b)_____

    (c)_____

4.  The date upon which sentence was imposed and the terms of the sentence:

    (a)  Ordered deported from the United States to Cuba
         by an Immigration Judge April 23, 1992._____

    (b)_____

    (c)_____

5.  Check whether a finding of guilty was made

    (a) after a plea of guilty          /N/A/

    (b) after a plea of not guilty      /N/A/

    (c) after a plea of nolo contendre  /N/A/

6.  If you were found guilty after a plea of not guilty, check whether that finding was made by

    (a) a jury                          /____/

    (b) a judge without a jury          /✓/

7.  Did you appeal from the judgment of conviction of conviction or the

    imposition of sentence?        Yes /____/ No /✓/

8.  If you answered "Yes" to (7), list

    (a) the name of each court to which you appealed:
                    N/A

-2-

i. _____

ii. _____

iii. _____

(b) the result in each court to which you appealed:

i. _____

ii. _____

iii. _____

(c) the date of each such result:

i. _____

ii. _____

iii. _____

(d) if known, citations of any written opinion or order entered pursuant to such results:

i. ___ Appeal to B.I.A. is futile Because of Constitutional Issue.

ii. ___ See   Matter of Gonzalez, 21 I&N Dec. 937 (B.I.A. 1997)

iii. ___ Matter of C-, 20 I&N Dec. 529 (B.I.A. 1992)

9.   State concisely all the grounds on which you base each allegation that you are being held in custody unlawfully:

(a)  The Immigration Judge Violated petitioners Due Process Rights by denying him a bond/bail

(b)    THE CONTINUOUS DETENTION OF PETITIONER VIOLATES HIS
SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FIFTH
AMENDMENT OF THE UNITED STATES CONSTITUTION.

(c)

10.  State concisely and in the same order the facts which support each of
the grounds set out in (9):

(a) Petitioner contends that respondent (I.N.S) violated his
Due Process Rights by denying him a bail. It is very relevent
to state here that many court's have ruled that depriving
petitioner a bond violates the Due Process Clause of the Fifth
Amendment of the U.S Constitution.
See Agunobi V. Thornburgn, 745, F.supp. 533 (N.D.Ill 1990);
see also Paxton V. I.N.S ,745 F.supp. 1261 (E.D. Mich. 1998);
Accord Demelo V. Cobb, 936 F.supp 30; Caballero V. Caplinger,
914, F.supp. 1374 (E.D. CA. 1996). All these fact point to
the fact that petitioner is entitled to an individualized bond

RESPONSE TO QUESTION 10 CONTINUES:

and the absence of it violates procedural due process. Accord
Joe V. Thornburgh, No. 90-12313-2-20, 1990 WL.167457(D.Mass
1990); Bovayad V. Holmes, 74, F.supp 2d. 471 (E.D.PA. 1999)
holding that mandatory detention of ALIEN PENDING REMOVAL
proceeding unconstitutional abridged aliens fundamental right
to liberty under due process clause, and Rogowski V. Janet
Reno, civil No. 3:99 CV. 790 (PCD),21 immigra Rptr. A3-15
(A. Conn. Oct 28,1999) holding that I.N.A. §236 is unconsti-
-tutional on due process grounds.
It is incontestable that the failure of respondent (I.N.S.)
to give petitioner a bond violated his due process rights.

Petitioner contends that his continued detention with no
likelihood of removal in the foreseeable future violates his
due process rights.
The due process clause of the Fifth Amendment states that "no
person...shall be deprived of life,liberty,or property without
due process of law". U.S. Const. Amend. V. As its protection
extends to all "persons" within the borders of the United
States it emcompasses deportable aliens such as petitioner.
See Landon V. Plasencia, 459 U.S. 21, 32-33, 74 L.ED. 2d 21,
103 S.ct. 321 (1982); see also United States V. Balsys, 524
U.S 666,671,141 L.ED. 2d. 575,118 S.ct. 2218 (1998)holding
that "resident aliens...are considered "persons" for purposes
of the Fifth Amendment and are entitled to the same protection
under [Self- Incrimination]clause as citizens".
(citing Kwong Hai Chew V. Colding,344 U.S 590,596,97, L.ED.
576,73 S.ct. 472,(1953)); Wong Wing V. United States, 163 U.S
228,238,41 L.ED. 140,16 S.ct. 977 (1896) (holding that "persons
within the territory of the U.S...[and] even aliens...[may
not] be deprived of life,liberty,or property without due
process of law).

RESPONSE TO QUESTION 10 CONTINUES:

There is another important factor to be considered in determ-
ining if the detention of petitioner is excessive in relation
to the Governments interests: the likelihood that the I.N.S
will be able to effectuate deportation. See Phan,56 F.supp.
2d. at 1156. stating that, If deportation can never occur the
Governments primary legitimate purpose in detention-- executing
removal--is non-sensical, and the other derivative purposes
cannot support indefinite detention.
As the probability that the Government can actually deport
an alien decreases, the Governments interest in detaining the
aliens becomes less compelling and the invasion into the aliens
liberty more severe,Id. Accordingly, the court " must necess-
arily balance the likelihood that the Government will be able
to effectuate deportation, against dangerousness of a petitioner
and the likelihood that he will abscond if released" Id, the
length of time that a petitioner is detained is an important
factor in this analysis.
Petitioner is a citizen of Cuba, a country that has no relation-
ship with the United States and the chance of his being removed
are very unreal. Petitioner has been living in the United States
for over 20 years and has an American born wife and also two
american born children here in the United States, petitioner
has been in the custody of the I.N.S for over 6 months and
asserts that his continued detention violates his Fifth Amend-
ment Rights.
In conclusion, petitioner is respectfully requesting a AUTO-
MATIC STAY OF DEPORTATION PENDING THE OUTCOME OF THIS Habeas
Corpus and that his case be remanded back to the Immigration
Judge for a Bond/Bail, and any other relief this court deems
fair and or adaquate.


Respetcfully Submitted:

Carlos Bruzon Guillen
A# 22-801-576

11. Have you previously filed petitions for writ of corpus, motions under section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?

Yes /___/    No /✓/

12. If you answered "Yes" to (11), list with respect to each petition, motion or application

    (a) the specific nature thereof

      i. _____ N/A _____

      ii. _____ N/A _____

     iii. _____ N/A _____

    (b) the name and location of the court in which each was filed:

      i. _____ N/A _____

      ii. _____ N/A _____

     iii. _____ N/A _____

    (c) the disposition thereof:

      i. _____ N/A _____

      ii. _____ N/A _____

     iii. _____ N/A _____

    (d) the date of each disposition:

      i. _____ N/A _____

      ii. _____ N/A _____

     iii. _____ N/A _____

    (e) if known, citations of any written opinions or orders entered pursuant to each such disposition:

      i. _____ N/A _____

      ii. _____ N/A _____

     iii. _____ N/A _____

13.   If you did not file a motion under section 2255 of Title 28, United States Code, [or if you filed such a motion and it was denied] state why your remedy by way of such motion is inadequate or ineffective to test the legality of your dentention:

(a)          N/A   (SEE 9&10)

(b)

(c)

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus motion under section 2255 of Title 28, United States Code, or any other petition, motion or application?

Yes  /⎯⎯/     No  /✓/

15. If you answered "Yes" to (14), identify

(a) which grounds have been previously presentend:

i. _____ N/A _____

ii. _____ N/A _____

iii. _____ N/A _____

(b) the proceedings in which each ground was raised:

i. _____ N/A _____

ii. _____ N/A _____

iii. _____ N/A _____

16. Were you represented by an attorney at any time during the course of

(a) your arraignment and plea?     Yes  /⎯⎯/     No  /✓/

(b) your trial, if any?     Yes  /⎯⎯/     No  /✓/

(c) your sentencing?     Yes  /⎯⎯/     No  /✓/

(d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

Yes  /⎯⎯/     No  /✓/

(e) preparation, presentation or consideration of any petition, motions or applications with respect to this conviction, which you filed?

Yes  /⎯⎯/     No  /✓/

-8-

17. If you answered "Yes" to one or more parts of (16), list

(a) the name and address of each attorney who represented you:

i. _____ N/A _____

_____ N/A _____

ii. _____ N/A _____

_____ N/A _____

iii. _____ N/A _____

_____ N/A _____

(b) the proceedings at which each attorney represented you:

i. _____ N/A _____

ii. _____ N/A _____

iii. _____ N/A _____

18. If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information in instructions, page 1 of this form?

Yes /✓/    No /   /

I, ___Carlos Bruzon Guillen___, state under
(Print (legibly) or type full name)

penalty of perjury that the foregoing is true and correct.

Executed on ___April 30, 2001___
(Month) (Date) (Year)

*CARLos BRUZoN*
(Petitioner)

# 01 CV. 5504



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X
:
CARLOS BRUZON,                          :
:
            Petitioner,                 :
:                    DOC # 3
      -against-                         :
:                    <u>TRANSFER ORDER</u>
IMMIGRATION AND NATURALIZATION SERVICE, :
:
            Respondent.                 :
:
---------------------------------------X

# 1:CV 01-1176

Petitioner, presently detained at the Pike County Jail in Hawley, Pennslyvania, brings this petition pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner alleges that respondent violated his right to due process by denying him bail.  He also contends that his continuing detention is unconstitutional.  For the following reasons, this petition is hereby transferred to the United States District Court for the Middle District of Pennslyvania.

It is well settled that in order to entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian.  <u>See</u> <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973) (writ of habeas corpus does not act upon the prisoner who seek relief, but upon his or her custodian).  The custodian is "the warden of the prison or facility where the detainee is held" or the official in charge of the facility that has day to day control of the

---

[1]  This Court's Pro Se Office received the instant petition on May 4, 2001.

prisoner. <u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994);
<u>Eltayeb v. Ingham</u>, 950 F. Supp. 95, 98 (S.D.N.Y. 1997);
<u>Carvajales-Cepeda v. Meissner</u>, 966 F. Supp. 207, 208 (S.D.N.Y.
1997); <u>Guerrero-Musla v. Reno</u>, No. 98 Civ. 2779 (HB), 1998 WL
273038 (S.D.N.Y. May 28, 1998).

Petitioner is presently detained by the INS at the Pike
County Jail in Pennslyvania. Thus, habeas venue lies in the
Middle District of Pennslyvania where Pike County is located. 28
U.S.C. § 1406(a).

Accordingly, in the interest of justice, the Clerk of Court
shall transfer this case to the United States District Court for
the Middle District of Pennslyvania. Furthermore, it is ordered
that petitioner's removal or deportation is hereby stayed pending
further order by the United States District Court for the Western
District of Louisiana. The Clerk of Court is also directed to
serve a copy of this order and the underlying petition on the
United States Attorney for the Middle District of Pennslyvania
who is further directed to inform the Immigration and
Naturalization Service forthwith of the stay of removal. That
provision of Rule 83.1 of the Local Rules of the Southern
District of New York which requires a five day delay is waived.

SO ORDERED

MICHAEL B. MUKASEY
Chief Judge

JUN 19 2001
Dated: New York, New York

A TRUE COPY
JAMES M. PARKISON, Clerk
By _____
Deputy Clerk

2

Copies Sent to:

Carlos Bruzon
Pike County Jail
HC 8 Box 8601
Hawley, PA 18428


Martin C. Carlson
United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Middle District of Pennslyvania
Ste 311, William J. Nealon
Federal Building and Courthouse
235 N. Washington Avenue
Scranton, PA 18501

JS 44C/SDNY
REV. 1/97
WEB 4/99

**JUDGE MUKASEY**

CIVIL COVER SHEET

**01 CIV. 5504**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Carlos Bruzon | Immigration And Naturalization Service |

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Pro Se Carlos Bruzon
Pike County Jail, HC 8 Box 8601
Hawley PA  18428

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)**
28 USC 2241

Has this or a similar case been previously filed in SDNY at any time? No? [ ] Yes? [ ] Judge Previously Assigned _____

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*            NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT. LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE
[X] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**1:CV 01-1176**

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER ___Yes___

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [X] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)



UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

P.O. BOX 1148

SCRANTON, PA  18501

June 28, 2001

Carlos Bruzon
PIKE COUNTY JAIL
H.C. 8, Box 8601
Hawley, PA  18428



Re:  1:01-cv-01176    Bruzon v. Immigration and Natu
     Judge: Sylvia H. Rambo

Dear Sir/Madam:

Receipt is acknowledged of the document noted at the foot of
this letter, subject as captioned above.

The matter has been forwarded to the Court for consideration.

                         Very truly yours,

                         MARY E. D'ANDREA, Clerk

                         By: _____
                             Deputy Clerk

[✓] Petition For Writ of Habeas Corpus    [ ] Complaint

[ ] Transfer From Other District          [ ] Other

NOTE:  Please be advised that in order for service to be made
       a U.S. Marshal Form 285 (form enclosed) must be completed
       for each named defendant and returned to the Clerk's
       Office at the above address.  Additional forms are
       available at the prison library or the U.S. Marshal's
       Office.  (This does not apply to Petitions for Writ of
       Habeas Corpus.)

Enclosed:  Notice of Consent regarding Magistrate Referral.