JUDGE'S COPY

CARLOS BRUZON
PIKE COUNTY JAIL
HC 8 BOX 8601
HAWLEY, PA 18428

FILED
HARRISBURG, PA
AUG 13 2001
MARY E. D'ANDREA, CLERK
Per [signature] Deputy Clerk

1-CV-01-1176

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
HARRISBURG, PA 17108

AUGUST 3, 2001

# MOTION FOR SUMMARY JUDGEMENT

For your further attention, please find attached hereto the above-indicated motion in relation to my petition for Writ of Habeas Corpus dated April 30, 2001.

This motion is submitted pursuant to the terms and conditions of the respondent's **MOTION FOR ENLARGEMENT OF TIME** dated July 23, 2001 and the order dated July 27, 2001.

Thanking you in anticipation.

Respectfully Submitted
Carlos Bruzon
(PETITIONER)

CARLOS BRUZON

Now comes the Petitioner, Carlos Bruzon A22 801 576, who moves this honorable Court to order the Respondent to release him from the custody of the United States Immigration and Naturalization Service and the Pike County Jail (or any other facility ultimately under the Federal Bureau of Prisons).

The above would be in accordance with the terms and conditions of this honorable Court's order of July 27, 2001.

In support of this motion, the Petitioner hereby states the following for further consideration by this honorable Court.

1. FAMILY TIES IN THE UNITED STATES

The Petitioner, who came to the United States when he was sixteen years old, during the Mariel Refugee boatlift period in 1980, has extensive family ties in the United States of America.

(a) Miguelina Bruzon Yaque (Wife)
315 Echo Place #2c
Bronx, NY 10457
Telephone: (718) 294-7701

The Petitioner has been married since May 1, 1989 (and has been living together with) to Miguelina Bruzon Yaque. Together they are the parents of Minella Patricia Bruzon.

Miguelina Bruzon Yaque is a native and citizen of the United States. This means that through her, the Petitioner is eligible for consideration for derivative citizenship.

The Petitioner's wife has had to make do without the Petitioner in raising their child and keeping the home fires burning for over 3 ½ years. The Petitioner needs to be with his wife just as much as his wife needs to be with him.

(b) Minella Patricia Bruzon (Daughter)

Born twelve years ago, the Petitioner has begun her formative years in the absence of her biological father. It cannot be overemphasized the Minella Patricia Bruzon needs to have a father figure in the family household.

Expressing this sentiment has been heart-rending for Minella Patricia Bruzon, who at any and every given opportunity states tearfully that she is waiting for her father to come home.

(c) Josefina Guillen (Mother)
203 44th Street Apt #1
Union City, NJ 07087
Telephone: (201) 558-7892

The Petitioner's sixty-four year old mother is sickly, suffering from diabetes. Josefina Guillen needs the Petitioner around because she presently lives alone. Like the other family members mentioned above, the Petitioner's mother is having a hard time being without her loved one. The suffering has manifested itself in a weak heart condition. Doctors now have begun to say that Josefina Guillen could likely pass away at any time.

(d)  Other Progeny in the United States

The Petitioner in all has four children who were born in the United States.

(e)  Siblings in the United States

The Petitioner has two sisters and two brothers who live in the United States.

2.  Seriousness of Crime

The Petitioner's underlying criminal conviction is not as serious as it is made out to be. The Petitioner was convicted of possession of cocaine, not the manufacture or distribution thereof. The $20 worth of the drug was for personal use, not for a business enterprise. After a plea bargaining process the petitioner was sentenced to 3-6 years. Ultimately 2 ½ years was served because of good conduct.

Drug use and drug possession was a mistake. However, I have already paid for my crimes. I would like to join society now. I am not a menace to society.

3.  Unjust Review Process

After completion of my 2-½ years of prison time, the United States Immigration and Naturalization Service took over jurisdiction of my custody on October 2, 2000. In terms of the Cuban Review Plan, I had a custody review interview on February 6, 2001.

The decision of the interview was unfavorable hence my petition for release. In more ways than one justice was not served in the disposition of the interview.

The following is an example of a case similar to mine, which has been disposed in a way very different from mine:

Name: Juan Siriaco
Alien Registration Number: A71 538 346
Underlying Criminal Conviction: Count 1- Possession of an Automatic Weapon
                                Count 2- Possession of Cocaine - 2 kilograms
Sentence: 7 years to Life (7 years served)
US INS Review

    Date of Review: May 5, 2001
    Review Decision: Released on July 20, 2001

Mr. Juan Siriaco, like myself, is a native and citizen of Cuba. Like him I am eligible for due and just consideration for release to the community. More especially since my underlying criminal conviction is less serious than his.

The following is another example of a case similar to mine, which has disposed of differently than my case:

Name: Hechavarria Ardadeta
Alien Registration Number: A24 793 739
Underlying Criminal Conviction: Murder (two individuals died)
Sentence: 14 years served
Discipline while in INS Custody: Cut/slashed another detainee while incarcerated at Berks County Jail in Pennsylvania.
US INS Custody Review:
    Date of Review: February 7, 2001
    Review Decision: Ordered to be released on February 15, 2001
    Date of Release: May 4, 2001

Mr. Hechavarria Ardadeta was convicted of a more serious crime and served a longer time in prison. My criminal conviction was for possession of $20 of cocaine. I served 2 ½ years of the 3-6 year sentence. I was never a discipline problem. Further I completed the required rehabilitation programs while incarcerated. I was denied release from US INS custody. Part of the decision requires that I spend more time in Jail, one more year at the least. This is not fair. Justice was not served in the disposition of my custody review of February 7, 2001.

The following is yet another example of a custody review case similar to mine or even worse. This review was disposed of in a manner which is more favorable compared to my case.

Name: Rafael Pardo Alvarez
Alien Registration Number: A22 692 884
Underlying Criminal Conviction: Murder
Sentence: 10 years served
US INS Custody Review:
    Date of Review: May 5, 2001
    Review Decision: Ordered to be released on July 20, 2001

Mr. Rafael Pardo Alvarez committed a murder and served prison time considerably longer than mine. I did not kill anybody. I am not violent and have a good discipline record. Despite the above I am scheduled for at least another year in jail. Why am I being kept another year in jail so unjustly.

Wherefore the Petitioner, Carlos Bruzon, hereby humbly and respectfully asks this honorable Court to order that the respondent grants the petitioner his liberty without any delay.

Thank you for taking the time to review this humble and respectful motion request

Respectfully Submitted
Carlos Bruzon
(Petitioner)
Pike County Jail
HC 8 Box 8601
Hawley, Pa 18428

CARLOS BRUZON

# Certificate of Service

This is to certify that copy of the attached **Motion of Summary Judgement** dated August 3, 2001 was sent via US Mail to:

Joseph J. Terz
Assistant United States Attorney
228 Walnut Street, Suite 220
Harrisburg, PA 17108-1754

Mailed during the week of August 6, 2001 by:
Carlos Bruzon (Pro Se Petitioner)
Pike County Jail
HC 8 Box 8601
Hawley, PA 18428 CARLOS BRUZON

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**
**228 WALNUT STREET**
**HARRISBURG, PENNSYLVANIA 17108**

**CARLOS BRUZON**
**(PETITIONER)**

**V.**

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE**
**(RESPONDENT)**

**ALIEN REGISTRATION NUMBER**
**A22 801 576**

**CIVIL ACTION NUMBER**
**1: CV-01-1176**

**MOTION FOR SUMMARY JUDGEMENT**