ORIGINAL

MCC:JJT:nz

FILED
HARRISBURG
AUG 3 1 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS BRUZON, | : |
| Petitioner, | : NO. 1:CV-01-1176 |
| v. | : |
| | : (RAMBO, J.) |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, | : |
| Respondent. | : |

### RESPONSE TO ORDER TO SHOW CAUSE

#### INTRODUCTION

Petitioner Carlos Bruzon ("Petitioner"), a native and citizen of Cuba, challenged his detention by the Immigration and Naturalization Service ("INS") through a habeas corpus petition under 28 U.S.C. § 2241. On June 19, 2001, Petitioner filed a Petition for Writ of Habeas Corpus in the Southern District of New York. On June 28, 2001, the matter was transferred to this district. On July 2, 2001, the Court directed Respondent to file a response to the Petition.

#### STATEMENT OF CASE

Petitioner is a citizen of Cuba who entered the United States in May 1980 as part of the "Mariel Boatlift." Exh. 1. On March 20, 1992, the INS revoked Petitioner's parole status

because he was convicted on June 14, 1988 of attempted grand larceny, second degree, and sentenced to two to four years. Exh. 1. Petitioner's entire criminal history is attached to his Cuban Review Summary Sheet. Exh. 2. At the time of his February 2001, review, the Panel recommended that Petitioner be paroled. Id. On April 13, 2001, this recommendation was rejected, and therefore Petitioner remains detained. Exh. 3. Petitioner now challenges his continued detention arguing that it violates the United States Constitution.

**ARGUMENT**

I. **The INS has Articulated a Facially Legitimate Reason for Denying Petitioner Parole.**

Mariel Cubans who are being detained have their cases reviewed every year to determine whether they should be paroled. See 8 C.F.R. § 212.12(g)(2). A Cuban Review Panel makes a recommendation to the Associate Commissioner for Enforcement of the INS, who has the discretion to approve parole. See id. § 212.12(b), (d). This approval may be withdrawn prior to release if "the conduct of the detainee, or any other circumstance, indicates that parole would no longer be appropriate. Id. § 212.12(e).

Although he has been physically present in the United States for more than twenty years, Petitioner is "legally considered to be detained at the border and hence as never having effected entry into this country. Gisbert v. U.S. Attorney Gen., 988 F.2d

-2-

1437, 1440 (5th Cir.) <u>amended by</u> 997 F.2d 1122 (5th Cir. 1993). The Due Process Clause does not provide him a liberty interest in being released on parole. <u>See</u> <u>Ho v. Greene</u>, 204 F.3d 1045, 1060 (10th Cir. 2000). Ordinarily, then, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." <u>United States ex re. Knauff v. Shaughnessy</u>, 338 U.S. 537, 544 (1950).

Petitioner's continued detention is authorized by either the pre-IIRIRA version of 8 U.S.C. § 1226(e) (repealed effective April 1, 1997) or the current 8 U.S.C. § 1231(a). Both statutes commit the decision whether to parole an alien to the discretion of the Attorney General. Therefore, the Court need not decide whether the former § 1226(e) or the current § 1231(a)(b) governs Petitioner's detention. <u>See</u> <u>Ho v. Greene</u>, 204 F.3d 1045, 1053 n.5 (10th Cir. 2000) (noting that the result would be the same under either statute). Section 8 U.S.C. § 1226(3) provides:

> (1) Pending a determination of excludability, the Attorney General shall take into custody any alien convicted of an aggravated felony . . .
>
> (2) Notwithstanding any other provision of this section, the Attorney General shall not release such felon from custody unless the Attorney General determines that the alien may not be deported because [the alien's country of origin denies or unduly delays acceptance of the alien's return].
>
> (3) If the determination described in paragraph (2) has been made, the Attorney General may release such alien only after

  (A) a procedure for review of each request for relief under this subsection has been established,

  (B) such procedure includes consideration of the severity of the felony committed by the alien, and

  (C) the review concludes that the alien will not pose a danger to the safety of other persons or to property.

  8 U.S.C. § 1231(a) provides that an inadmissible alien such as Petitioner must generally be removed from this country within a short period of time, ninety days under current law. See 8 U.S.C. § 1231(a)(1)(A). If the alien is not removed within this period, he is "subject to supervision under regulations prescribed by the Attorney General." Id § 1231(a)(3). In particular, certain criminals "may be detained beyond the removal period and, *if* released, shall be subject to the terms of supervision. Id. § 1231(a)(6) (emphasis added).

  The attorney General has delegated the authority for parole decisions for Mariel Cubans to the Associate Commissioner for Enforcement as provided by 8 C.F.R. § 212.12(b). The parole decision, "while invested with considerable discretion, is not entirely immune from judicial review." Marczak v. Greene, 971 F.2d 510, 515 (10th Cir. 1992). Habeas review is limited to determining whether INS officials "have articulated some individualized facially legitimate and bona fide reason for denying parole. Id. at 518.

In Petitioner's case, this standard is easily met. The Associate Commissioner for Enforcement explained that Petitioner's parole was being denied because of his propensity to engage in recidivist criminal behavior:

> You have demonstrated a propensity to engage in recidivist criminal behavior as reflected by your criminal record, which reflects that you have been arrested for offenses including possession of a controlled substance (multiple occasions). Further, you were recently cited on or about 10/16/2000 for disobeying staff orders and invoking a work stoppage. As such, in light of your propensity to engage in recidivist criminal behavior as reflected by your criminal conduct, and your recent institutional misconduct, it is NOT clearly evident that you are unlikely to pose a threat to the community and/or unlikely to remain nonviolent were a more favorable decision to have been rendered on your behalf.

Exh. 3. This is a facially legitimate reason for denying parole. See 8 C.F.R. § 212.12(3) (stating that parole may be withdrawn if "the conduct of the detainee is nonviolent and likely to remain nonviolent).

## II. The Supreme Court's Holding in Zadvydas Does Not Impact Petitioner's Continued Detention.

The constitutionality of a deportable alien's detention pending removal from the United States was addressed by the United States Supreme Court last month in Zadvydas v. Davis, __ U.S. __, 121 S. Ct. 2491 (2001). The Court held that the post-removal period detention statute, 8 U.S.C. § 1231(a)(6), read in

-5-

light of the Constitution's demands, implicitly limits an alien's detention to a period reasonably necessary to effect the alien's removal. The Court explained:

> [F]or the sake of uniform administration in the federal courts, we recognize that period [of six months]. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

121 S. Ct. 2491 at ___.

Zadvydas changes the law with respect to continued detention of aliens under final order of removal like Petitioner. However, Zadvydas does not actually assist Petitioner, because that case specifically by its terms applies to deportable aliens (aliens who had at some point been in this country lawfully), not excludable aliens like Petitioner:

> We deal here with aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country would present a very different question.

-6-

2001 WL 720662 at 3. Since Petitioner was never admitted to the United States, <u>Zadvydas</u> does not affect his rights or the merits of his habeas petition.

### CONCLUSION

For the reasons set forth above, the within petition for writ of habeas corpus should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

JOSEPH J. TERZ
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754
(717) 221-4482

Dated: August 31, 2001

# EXHIBIT - 1



U.S. Department of Justice

Immigration and Naturalization Service

26 Federal Plaza
New York, N.Y. 10278

MARCH 20, 1992
A22 801 576

BURSSON-GUILLEN, CARLOS
C/O USINS
SERVICE PROCESSING CENTER
201 VARICK STREET
NEW YORK, NEW YORK 10014-4889 4TH FL.

Dear Sir:

You are hereby notified that this Service is revoking the parole status hitherto granted to you. Service records show that you entered the United States at or near Key West, Florida on May 09, 1980 as part of the "Mariel Boat lift".

On October 07, 1988 you were arrested by the police in New York County and were convicted on June 14, 1988 of Attempted Grand Larceny-2°, sentenced to 3-6 years, Attempted Coercion-1°, sentenced to 2-4 years and Menacing-sentenced to 3 months.

In view of this, parole is therefore revoked. This Service will take steps toward your removal from the United States pursuant to Section 235 or 236 of the Immigration and Naturalization Act.

Very truly,

William S. Slattery
DISTRICT DIRECTOR
NEW YORK, N.Y.

GOVERNMENT EXHIBIT
1

# EXHIBIT - 2

## CUBAN REVIEW SUMMARY SHEET

DETAINEE NAME: BRUSSON GUILLEN, Carlos
INS A #: 22-801-576                          BOP REG. #:
DATE OF BIRTH: 01/03/63                      DPOE: 5/9/80  Key West

LOCATION OF INTERVIEW: York County Prison
DATE OF FILE REVIEW                          INTERVIEW: 2/6/2001
DATE TO INS CUSTODY: 10/2/00

PANEL MEMBERS:  #1 James M. Colomb Deportation Officer
                #2 Elizabeth Fernandez Deportation Officer
TRANSLATOR: Tamara Boynowsky (not present at interview)

REPRESENTATIVE/ATTORNEY:                     G-28 FILED? ☐ Y  ☒ N
NAME:
ADDRESS (MAILING):


TELEPHONE NUMBER(S):

### EXCLUSION PROCEEDINGS

CHARGES:   SECTION 212(a)(2)(A)(i)(i),(II),(7)(A)(i)(I)           (list all)
☒ Under Final Order dated 9/25/00 by ☒ EOIR ☐ BIA ☐ OTHER
☐ Under proceedings at       (EOIR Court of Jurisdiction.
I-110/I-122 issued on (date)
Detainee has the following applications pending before the Service: None

### CRIMINAL HISTORY

IN CUBA:


IN U.S.A.:

See attachment #1

GOVERNMENT EXHIBIT 2
PENGAD-Bayonne, N.J.

INSTITUTIONAL RECORD (DISCIPLINARY INCIDENTS, PARTICIPATION IN REHABILITATION PROGRAMS, ETC.)
10/16/00 Disobeying legal staff orders & invoking work stoppage while in Lackawanna County Jail. No discplinary action taken.
No disciplinary problems at Pike County Jail.
See attachments for rehabilitation programs.

## OTHER FACTORS CONSIDERED OR DEVELOPED IN THIS REVIEW

A U.S. Public Health Service mental health evaluation ☒was/☐was not (circle one) available to this panel. If available, date of the evaluation is 5/13/1992.

Other information and/or documents presented to or available to this panel for consideration in this review and recommendation:
(Please include employment history/experience in this section)
Subject has worked his whole life as a painter and is currently working in the kitchen at Pike County Jail. Subject has an employment offer as a janitor in his wife's apartment building if he is released. He has also worked as a dance instructor.
See attachments for additional documents.

## DISCUSSION AT INTERVIEW

Panel discussed subject's past criminal history and disciplanry problems in custody. Panel also discussed the problems surrounding the situation that brought him back into INS custody.
We discussed his family and his willingness to change for his children. He is aware of his past mistakes and is attempting to overcome his addictions by attending the programs offered at the jail.
Although the subject has a fairly lenghty criminal history, he appears to have changed for the better.
The subject explained his criminal history. He stated that as Cuba was very restrictive, upon entering the states, he was overwhelmed with his new found freedom which got him into trouble. He also stated that had he listened to his wife more he would notqbe in the situation he is currently in.

## PANEL PERCEPTIONS AND RECOMMENDATIONS

THE PANEL FOUND THE DETAINEE ☒CREDIBLE ☐ NOT CREDIBLE
BECAUSE: Subject's statements were sincere and honest.

THE PANEL WAS UNABLE TO CONCLUDE FROM THIS REVIEW THAT THE DETAINEE
IS:   (CHECK ALL APPROPRIATE BOXES BELOW; DO NOT MARK

ANY BOXES BELOW IF YOU ARE RECOMMENDING RELEASE ON PAROLE.)

☐ PRESENTLY NON-VIOLENT.
☐ LIKELY TO REMAIN NON-VIOLENT.
☒ NOT LIKELY TO POSE A THREAT TO THE COMMUNITY FOLLOWING
   HIS RELEASE.
☒ NOT LIKELY TO VIOLATE THE CONDITIONS OF HIS PAROLE

### JUSTIFICATION OF PANEL RECOMMENDATION

This panel reccommends that the subject be released to a half way house to aid in his re-entry into society. This panel believes that although the subject has violated release conditions in the past, he will work very hard at staying clean and will eventually become a useful member of society.

PANEL MEMBER #1 _____ DATE: 2/13/01
CIRCLE ONE:        ☒RELEASE/PAROLE            ☐DETAIN

PANEL MEMBER #2 _____ DATE: 2-13-2001
CIRCLE ONE:        ☒RELEASE/PAROLE            ☐DETAIN

*  *  *  *  *  *  *  *  *  *

### POTENTIAL SPONSOR INFORMATION

Job offer secured from Super of wife's apt. building
Wife will ensure subject's compliance.
Miguelina Bruzon, 1520 Brook Ave. #6E, Bronx, NY (718)294-7701

### ATTACHMENTS, IF ANY

Letter from wife and daughter
Job Offer
OFFICER NOTES
PROOF OF PROGRAM PARTICIPATION

Continuation page
Attachment #1

A number: A22-801-576

Criminal History:

May 11, 1982
Arrested for Possession of a Weapon and 3 counts of drug trafficking (cocaine). Served 2 years of a 1-3 year sentence and was released without entering INS custody.

April 1, 1984
Arrested for possession of a weapon. Charges dismissed.

May 26, 1988
Arrested for possession of a weapon and possession of cocaine. While out on bail for this charge, on October 7, 1988, he was arrested and convicted for placing a handgun to his landlord's head on three separate occasions because he wanted to use the landlord's apartment to sell drugs. On May 31, 1989, subject called his landlord and asked him to purger himself.

December 6, 1995
Arrested for Narcotics Possession and Narcotics with intent to Sell. Convicted on May 1, 1998. He served 6 months of a 3-6 year sentence. He served 6 months of a 3-6 year sentence.

April 4, 1998
Arrested for Possession of Narcotics and Intent to sell Narcotics. Convicted on May 1, 1998 and sentenced to 3-6 years. He served 2 and ½ years. He was released into INS custody.

# EXHIBIT - 3

30-2001  15:38       INS DISTRICT COUNSEL                        215 656 7148

CUBAN PAROLE REVIEW PLAN
UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
WASHINGTON, D.C.

FINAL NOTICE OF PAROLE DENIAL

NAME: BRUSSON-GUILLEN, CARLOS
INS #: A22 801 576                BOP REG. NUMBER: N/A
DATE/LOCATION OF PANEL REVIEW INTERVIEW: 02/06/01, YORK COUNTY JAIL

This letter is to inform you that your parole status has been reviewed and that the Associate Commissioner for Enforcement has determined that your release on parole from the custody of the Immigration and Naturalization Service is not warranted at this time. This decision is made pursuant to regulations promulgated in section 212.12 of Title 8 of the Code of Federal Regulations, and follows a review of your record, your personal interview before a Cuban Review Panel, and consideration of any information you submitted to the panel in support of your application for release on parole.

After carefully weighing all of the factors for and against parole, the Associate Commissioner is unable to conclude that your release on parole would be in the public interest because:

You have demonstrated a propensity to engage in recidivist criminal behavior as reflected by your criminal record, which reflects that you have been arrested for offenses including possession of a controlled substance (multiple occasions), possession of a weapon & possession of narcotics (multiple occasions). Further, you were recently cited on or about 10/16/2000 for disobeying staff orders and invoking a work stoppage. As such, in light of your propensity to engage in recidivist criminal behavior as reflected by your criminal conduct, and your recent institutional misconduct, it is NOT clearly evident that you are unlikely to pose a threat to the community and/or unlikely to remain nonviolent were a more favorable decision to have been rendered on your behalf.

Pursuant to 8 CFR 212.12, the Immigration and Naturalization Service will reconsider your parole status within one year of the date of this notice. It is in your best interest to maintain proper behavior while awaiting that review.

_Tomás Cun_                                          FEB 15, 2001
Associate Commissioner for                           Date
Enforcement/Designated Representative

_____ ASDO           Pike Cont'y PA    4/13/01
Served by (signature and title)   Location     Date
Joel T M'Kelvin

Refused To Sign                              4/13/01
Signature of detainee acknowledging receipt   Date

TOTAL P.02


GOVERNMENT EXHIBIT 3

MCC:JJT:nz

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS BRUZON, :
:
       Petitioner, : NO. 1:CV-01-1176
v. :
: (RAMBO, J.)
UNITED STATES IMMIGRATION AND :
NATURALIZATION SERVICE, :
:
       Respondent. :

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That this 31st day of August, 2001, she served a copy of the attached

**RESPONSE TO ORDER TO SHOW CAUSE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

        Carlos Bruzon Guillen, A22-801-576
        PIKE COUNTY JAIL
        H.C. 8, Box 8601
        Hawley, Pennsylvania 18428

                  /s/ Naomi Zimmerman
                  Naomi Zimmerman
                  Legal Secretary

N:\NZimmerman\terz\INS\bruzon supplemental brief.wpd