# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS BRUZON,

   Petitioner       CIVIL NO. 1:CV-01-1176

   v.            **FILED**
               HARRISBURG, PA

UNITED STATES IMMIGRATION
AND NATURALIZATION SERVICE, (Judge Rambo)  OCT 0 1 2001

   Respondent

             MARY E. D'ANDREA, CLERK
             Per _____
                Deputy Clerk

Certified from the record
Date 10-1-01
Mary E. D'Andrea, Clerk

Per _____
 Deputy Clerk

## MEMORANDUM AND ORDER

  Petitioner Carlos Bruzon filed this petition for writ of habeas corpus on June 19, 2001 pursuant to 28 U.S.C. §2241 in the Southern District of New York. On June 28, 2001, the matter was transferred to this district because petitioner was being detained by Immigration and Naturalization Services (INS) at the Pike County Jail in Hawley, Pennsylvania. Bruzon is challenging his continued detention while awaiting deportation. Named as respondent is the INS. Respondent has filed a response brief and the matter is ripe for consideration.

  In the petition, Bruzon alleges that respondent's failure to give him a bond/bail violates the due process clause of the Fifth Amendment. (Doc. 1, p. 5.) In its response to the habeas corpus petition, respondent contends Bruzon's claims are without merit in that the INS does possess the authority to detain him, he is not being confined indefinitely, and his denial of parole was based on a "facially legitimate reason". (*Id.*, p. 2.) Respondent further asserts that because petitioner is an *excludable* alien instead of a *deportable* alien, the recent United States Supreme Court decision in *Zadvydav v. Davis*, 121 S. Ct. 2491 (2001), is not applicable.

  The record before the court reveals that petitioner was among the thousands of Cuban citizens who entered this country from Mariel, Cuba during the 1980

boatlift. (Doc. 13, Resp. Br., Ex. 1.)  On March 20, 1992, the INS revoked petitioner's parole status because he was convicted on June 14, 1988 of attempted grand larceny, second degree, and sentenced to two to four years.  (*Id.*)[1]  At the time of his February 2001 review, the panel recommended that petitioner be paroled.  (*Id.*)  The recommendation was rejected on April 13, 2001 by the Associate Commissioner for Enforcement of the INS and Bruzon remains detained.  (*Id.*, Ex. 3.)

Mariel Cubans who are being detained have their cases reviewed every year to determine whether they should be paroled.  *See* 8 C.F.R. §212.12(g)(2).  A Cuban Review Panel makes a recommendation to the Associate Commissioner for Enforcement of the INS, who has the discretion to approve parole.  *See* § 212.12(b),(d).

Although petitioner has physically been in the United States for more than 20 years, Bruzon is "legally considered to be detained at the border and hence as never having effected entry into this country."  *Gisbert v. U.S. Attorney Gen.*, 988 F.2d 1437, 1440 (5th Cir.) *amended by* 997 F.2d 1122 (5th Cir. 1993).  The Due Process Clause does not provide petitioner a liberty interest in being released on parole.  *See  Sierra v. Immigration and Naturalization Service*, 258 F.3d 1213 (10th Cir. 2001).  Ordinarily, then, "[w]hatever the procedure authorized by

---

[1]In addition to his attempted grand larceny conviction, Bruzon was arrested in 1982 for possession of a weapon and three counts of drug trafficking and sentenced to one to three years. Bruzon was released without entering INS custody.  In 1988, Bruzon was arrested for possession of a weapon and possession of cocaine.  While out on bail for those charges, he was arrested and convicted for placing a handgun to his landlord's head on three separate occasions because he wanted to use the landlord's apartment to sell drugs.  On December 6, 1995, petitioner was arrested for narcotics possession with intent to sell and sentenced to three to six years.  On April 4, 1998, Bruzon was arrested for possession of narcotics and intent to sell narcotics and again sentenced to three to six years.  Bruzon was released into INS custody after serving two and one-half years.  (*Id.*)

2

Congress is, it is due process as far as an alien denied entry is concerned." *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950).

Furthermore, habeas review of parole decisions by the Associate Commissioner for Enforcement concerning Mariel Cubans are limited to determining whether INS officials have articulated some individualized facially legitimate and bona fide reason for denying parole, and some factual basis for that decision in each individual case. *Sierra*, 258 F.3d at 1219. The record before the court clearly supports the Associate Commissioner for Enforcement finding that the denial of parole was warranted in light of petitioner's serious criminal history during the time he was on parole and lack of rehabilitation. Petitioner's criminal history is a facially legitimate reason for denying parole.

Petitioner's due process violation ground for habeas relief is meritless and has been expressly rejected by this court as well as by courts within other circuits. *E.g., Gisbert*, 988 F.2d at 1442, 1448 (concluding that detention is not punitive); *In re Mariel Cuban Habeas Corpus Petitions*, 822 F. Supp. 192, 195-196 (M.D. Pa. 1993) (finding that the due process clause of the Fifth Amendment is inapplicable because the confinement is not punishment.)

This court agrees with respondent that the Supreme Court's holding in *Zadvydas* does not actually assist petitioner because that case specifically by its terms applies to *deportable* aliens and not *excludable* aliens.[2] It is undisputed that

---

[2] The distinction between excludable aliens and deportable aliens was adequately articulated in *Cuesta Martinez v. INS*, 97 F. Supp.2d 647 (M.D. Pa. 2000):

> The distinction . . . arises from statutory law in place before the amendments to the immigration law and depends on whether the alien has made a successful entry into the United States, regardless of whether the entry was legal or illegal . . . . An alien past the point of entry and physically present in the country was statutorily entitled to a "deportation hearing". . . . He was a "deportable alien." An alien at the border and seeking entry was statutorily entitled to an "exclusion hearing". . . .

3

petitioner is an excludable alien.[3]  Accordingly, petitioner's claim is without merit and his habeas corpus petition must be denied.

**IT IS THEREFORE ORDERED THAT:**

1.      The petition for writ of habeas corpus is **denied**.

2.      The Clerk of Court is directed to close the case.


SYLVIA H. RAMBO
United States District Judge


Dated: October  /  , 2001.

---

He was an "excludable alien."  An excludable alien may be physically allowed into the country while his admission is being considered, but under the "entry fiction" is still considered to be at the border awaiting entry.  Under this scheme, a permanent resident alien qualifies as a deportable alien because he has successfully entered the country.

*Id.* at 649.

[3]Petitioner did not file a reply brief to respondent's brief.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *


Re:  1:01-cv-01176   Bruzon v. Immigration and Natu


True and correct copies of the attached were mailed by the clerk
to the following:

        Carlos Bruzon
        Tensas Detention Center So.
        HC-62, A22-801-576
        P.O. Box 500
        Waterproof, LA  71375

        Joseph J. Terz, Esq.
        U.S. Attorney's Office
        Room 217, Federal Building
        228 Walnut St.
        Harrisburg, PA  17108

        Marty Carlson
        U.S. Attorney's Office
        Room 217, Federal Building
        228 Walnut St.
        Harrisburg, PA  17108


cc:
Judge                     (X )        (X ) Pro Se Law Clerk
Magistrate Judge          (  )        (  ) INS
U.S. Marshal              (  )        (  ) Jury Clerk
Probation                 (  )
U.S. Attorney             (  )
Atty. for Deft.           (  )
Defendant                 (  )
Warden                    (  )
Bureau of Prisons         (  )
Ct Reporter               (  )
Ctroom Deputy             (  )
Orig-Security             (X )
Federal Public Defender   (  )
Standard Order 93-5       (  )
Bankruptcy Court          (  )
Other_____    (  )

                                      MARY E. D'ANDREA, Clerk


DATE: October 1st, 2001           BY: _____
                                      Deputy Clerk